UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARA SKINNER, on behalf of herself and all others similarly situated, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 10-2453 |
| v. | : | |
| ASSET ACCEPTANCE, LLC, | : | MEMORANDUM OPINION & ORDER |
| Defendant. | : | |

This matter is before the Court on a motion of Plaintiff Dara Skinner for partial summary judgment on liability only [43] and on Defendant Asset Acceptance, LLC's motion for summary judgment on Plaintiff's Complaint [45]. The Court has considered the written submissions of the parties. For the reasons discussed below, Plaintiff's motion for partial summary judgment will be denied and Defendant's motion for summary judgment will be granted.

## Background

Plaintiff filed this putative class action against Defendant on May 13, 2010 seeking statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(B), as well as costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). (See Compl.)  Plaintiff contends that Defendant violated the FDCPA when it attempted to collect consumer debts in the State of New Jersey without posting a bond with the New Jersey Department of Treasury as required by N.J. Stat. Ann § 45:18-1 (akin to complying with State licensing law).  (Compl., ¶ 1.)

Plaintiff, a citizen of New Jersey, allegedly owed Public Service Electric & Gas ("PSE&G") money for a utility bill, which debt she asserted in the Complaint arose out of

a transaction which was primarily for personal, family or household purposes.  (Compl., ¶ 6, 7.)  Defendant purchased this debt from PSE&G on September 24, 2008 in a portfolio of debts originally owed to PSE&G from its gas and/or electric power customers.  (Proctor Aff., ¶ 4 & Ex. A; Baskerville Decl., ¶ 12, Ex. I, J.)  On October 24, 2008, Defendant sent Plaintiff an "initial" collection letter.  (Proctor Aff., ¶ 5.)  Plaintiff contends that Defendant wrote her a series of boilerplate collection, or "dunning," letters in an attempt to collect the PSE&G debt.  (Compl., ¶ 10.)  On May 4, 2009, Plaintiff sent Defendant a letter requesting full media validation of the debt in response to Defendant's letter of May 1, 2009.  (Proctor Aff., ¶ 8 & Ex. C.)  Plaintiff sent Defendant a similar letter on July 24, 2009.  (Dominczyk Cert., Ex. A, Pl. Initial Disclosures.)  Defendant sent Plaintiff at least two more collection letters, dated August 1, 2009 and September 1, 2009.  (Compl., ¶ 10, Ex. A; Dominczyk Cert., Ex. A, Pl. Initial Disclosures; Baskerville Decl., Ex. K.)  Thereafter, Plaintiff and Defendant exchanged written correspondence regarding Plaintiff's dispute of the validity of the debt and objection to Defendant's having reflected the debt on Plaintiff's credit reports.  (Dominczyk Cert., Ex. A, Pl. Initial Disclosures.)

Because Defendant had not posted the requisite bond with the New Jersey Department of Treasury, Plaintiff alleges that Defendant was not lawfully permitted to collect consumer debts in the State, and its attempts to do so violated the FDCPA.  (Compl., ¶ 11-13.)  On February 2, 2010, Defendant filed a collection bond with the State of New Jersey.  (Baskerville Decl., Ex. L.)

The Complaint in this matter was filed on May 13, 2010 alleging claims under the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f. Plaintiff moves for partial

2

summary judgment with respect to her claim arising under 15 U.S.C. § 1692e(5) only. Defendant moves for summary judgment against Plaintiff's Complaint, arguing that Plaintiff's claims are barred by the statute of limitations and that it was not required to post the bond required under N.J.S.A. 45:18.

## Discussion

### A.  Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (a).  The Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Andersen, 477 U.S. at 256-57.  "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)).  Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322.  That is, the movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party cannot produce admissible evidence to support the [alleged dispute of] fact."  Fed. R. Civ. P. 56(c)(1)(B); accord Fed. R. Civ. P. 56(c)(2).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Credibility determinations are the province of the factfinder.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

4

**B. Fair Debt Collection Practices Act**

1. Generally

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. The FDCPA prohibits, generally, the use of harassing oppressive, and abusive techniques in connection with the collection of debts, 15 U.S.C. § 1692d; the use of false, deceptive, or misleading representations in connection with the collection of debts, 15 U.S.C. § 1692e; and the use of unfair or unconscionable means in connection with the collection of debts, 15 U.S.C. § 1692f. Section 1692k provides a private right of action to any person with respect to whom a debt collector has violated the statute. 15 U.S.C. § 1692k(a). However, an action under the statute must be commenced "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

2. Defendant is a "debt collector" as defined by the FDCPA,15 U.S.C. § 1692a(6).

Defendant contends that at all times, it was the owner of the debt it was seeking to collect. (Proctor Aff., ¶ 7 & Ex. A) The FDCPA's definition of "debt collector" does not exclude entities seeking to collect debts they have purchased from another that were already in default. Oppong v. First Union Mortgage Corp., 215 Fed. Appx. 114, 118 (3d. Cir. 2007) (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000). Defendant is in the business of acquiring and collecting defaulted debt and Plaintiff's PSE&G debt was in default when Defendant purchased it. (Proctor Aff., ¶¶ 3-4.) Accordingly, Defendant is a debt collector under the FDCPA.

5

3.  One-year Statute of Limitations

The FDCPA provides that an action to enforce any liability may be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Defendant argues that the statute of limitations on Plaintiff's FDCPA claim began to run on October 24, 2008, when Defendant sent Plaintiff the "initial" collection letter. Alternatively, Defendant asserts that the statute of limitations surely began to run on May 4, 2009, because Plaintiff's letter to Defendant on that date made clear that she was aware of Defendant's collection activities.  Defendant further argues that the Third Circuit does not recognize the continuing violations doctrine in relation to the FDCPA. Even if this Court were to consider applying the continuing violations theory, Defendant argues that its one-time failure to comply with the New Jersey bonding statute did not constitute a "continuing pattern and course of conduct," as the failure to post bond was a single, isolated act.

Plaintiff counters with the argument that separate communications that violate the FDCPA can create separate causes of action.  In sending the September 1, 2009 collection letter without first complying with New Jersey's statutory bonding requirement for debt collectors, Plaintiff alleges that Defendant violated the FDCPA with a "discrete" collection act, independent from other alleged acts, well within one year prior to Plaintiff's May 13, 2010 filing of this lawsuit. The Court agrees.

The FDCPA does contain specific requirements with which debt collectors must comply in relation to initial communications with a consumer. See Peterson v. Portfolio Recovery Associates, LLC, 430 Fed. Appx. 112, 114-15 (3d Cir. 2011); 15 U.S.C. § 1692g(a); 15 U.S.C. § 1692e(11). Plaintiff, however, states a claim pursuant 15 U.S.C. §

1692e(5), which prohibits a "[t]hreat to take any action that cannot legally be taken or that is not intended to be taken." It is of no import under the statute whether such a threat occurs in an initial communication or any other time.[1] If a debt collector makes such a threat, that threat may be a discrete act which violates the FDCPA and is alone actionable even if prior violative communications fall outside the statute of limitations.[2]

Plaintiff alleges that the September 1, 2009 letter was itself a "particular act taken [in] violation of the FDCPA." Parker v. Pressler & Pressler, LLP  650 F. Supp.2d 326, 341 (D.N.J. 2009); See also, Huertas v. U.S. Dept. of Ed., Civ. No. 08-3959, 2009 WL 3165442, at *3 (D.N.J. Sept. 28, 2009) ("violation of a provision of the FDCPA requires a discrete act; that is, an identifiable incident wherein the plaintiff's rights under the Act were violated"). The relevant isolated act is the alleged threat to take an action that Defendant could not legally take at the time the threat was made, not the isolated incident of Defendant's failing to post the bond. That failure merely serves as the grounds for the alleged illegality of Defendant's conduct and is not the conduct which is itself alleged to have violated the FDCPA. Because the September 1, 2009 letter was a

---

[1] Cf. Peterson, 430 Fed. Appx. at 114-15 (obligations under § 1692g(a) related only to collector's initial communication and thus subsequent communications could not support a time-barred cause of action for violation of 1692g(a)).

[2] Were this not the case the FDCPA's purpose in preventing abusive practices would be difficult to achieve. If, for example, a debt collector harasses a consumer in violation of 15 U.S.C. § 1692d over a period of time and a portion of that period falls outside of the statute of limitations, surely a debt collector cannot escape all liability for the illegal conduct it took within the statutory period simply by arguing that it *began* harassing the plaintiff more than a year prior to the plaintiff's filing suit. Similarly, Defendant cannot argue that if it was required to post a bond under New Jersey law, it was required to do so prior to the October 2008 initial communication and the fact that it remained noncompliant in September 2009 is essentially of no consequence for statute of limitations purposes.

discrete and particular act, occurring within one year of Plaintiff's filing of her

Complaint, Plaintiff's action under § 1692e(5) with respect to that communication is not

barred by the statute of limitations.

> 4.  Defendant's failure to post a bond with the New Jersey Department of Treasury as set forth in N.J. Stat. Ann. § 45:18 did not constitute a violation of the FDCPA, 15 U.S.C. §§ 1692e

The basis of Plaintiff's §§ 1692e(5) and 1692f claims is Defendant's engaging in

collection activity in New Jersey without having posted bond as required under New

Jersey law. Specifically, the bonding statute provides:

> No person shall conduct a collection agency, collection bureau or collection office in this state, *or* engage therein in the business of collecting or receiving payment for others of any account, bill or other indebtedness, *or* engage therein in the business of soliciting the right to collect or receive payment for another of any account, bill or other indebtedness, *or* advertise for or solicit in print the right to collect or receive payment for another of any account, bill or other indebtedness, unless such person, or the person for whom he may be acting as agent has on file with the secretary of state sufficient bond as hereinafter specified.

N.J.S.A. 45:18-1 (emphasis added). A collection agency or person collecting a debt "for

another" must post a $5,000 bond, payable to the collection agency's clients if the

collection agency does not pay over the proceeds it collects.  N.J. Stat. Ann. § 45:18.

Defendant argues that the New Jersey bonding statute is not a licensing statute.

As such, it is meant only to protect the entity for whom the debt collector is collecting, in

this case Defendant itself, so Defendant was not required to post a bond. Plaintiff argues

that, regardless of whether Defendant was collecting its own debt, Defendant is a

"collection agency" that attempted to collect debts from New Jersey residents, including

Plaintiff, without complying with the State's bonding requirements. Thus, Defendant

engaged in illegal collection activities in violation of the FDCPA.

8

The Court begins its interpretation of the New Jersey statute by examining its plain language. N.J.S.A. 45:18-1 requires any person who "conduct[s] a collection agency, collection bureau or collection office" in New Jersey to file sufficient bond. Though Defendant argues that 45:18-1 does not require it to file a bond because it was not collecting a debt "for another," Defendant does not contend that it does not conduct a collection agency, bureau or office in New Jersey.[3] Accordingly, under the plain language of the statute, Defendant was required to post the bond.

This does not end the inquiry, however, because in order to grant partial summary judgment in favor of Plaintiff, Defendant's attempt to collect the debt from Plaintiff without having posted the bond must constitute a violation of the FDCPA. Plaintiff analogizes the bond requirement in N.J.S.A. 45:18-1 to a licensing statute and argues that this case is similar to others in which unlicensed debt collectors were found to have violated the FDCPA. Plaintiff contends that the September 1, 2009 letter violated § 1692e(5) because Defendant could not lawfully collect the debt. The letter, however, is an offer to settle the debt and does not constitute or contain a threat to take any action, which is the conduct prohibited by § 1692e(5). Thus, the letter did not violate § 1692e(5) and Plaintiff's motion for partial summary judgment will be denied.

Though Defendant's attempt to collect a debt in New Jersey without filing the required bond may have been contrary to New Jersey law, Defendant's challenged conduct must also stand as a violation of the FDCPA in order for Plaintiff to maintain her claim. The state law violation itself is not a per se violation of the FDCPA. See e.g.,

---

[3] Defendant in fact self-identifies as a "debt collection company." (Proctor Aff. Ex. "B.")

LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1192 (11th Cir. 2010); Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996). Plaintiff does not argue that she was misled by Defendant's communication, that it was false, or that it was a product of unfair or unconscionable practices. As Plaintiff's only basis for a violation of the FDCPA is Defendant's attempt to collect the debt without having filed the bond, which the Court has concluded did not violate the FDCPA, Plaintiff has not come forward with facts or evidence in support of its contention that the challenged letter violated any other provisions of the FDCPA. Accordingly, Defendant's motion for summary judgment will be granted.

## Conclusion

The Court having considered the written submissions of the parties, and for the reasons discussed above,

IT IS on this 25th day of June 2012 hereby ORDERED that Plaintiff's motion for partial summary judgment is DENIED, and

IT IS FURTHER ORDERED that Defendant's motion will be GRANTED.


   /s/Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge